### CAMPBELL vs. NEELY.

ERROR on certiorari. Neely sued Campbell in a justice's court, and declared against him in case, for interrupting an <span>An action on the case for obstructing the execution</span> of mesne process cannot be maintained, unless the plaintiff aver and prove that he had a cause of action against the person whose arrest was prevented.

NEW-YORK, officer in the service of a warrant in a civil action, which he
May, 1829. had procured to be issued by a justice at his suit against one
Campbell Adams, by secreting Adams, and aiding and assisting him to
v. elude and escape the service of the process.   Testimony was
Neeley. adduced by both parties as to the acts of Campbell complain-
ed of, but no evidence was given by the plaintiff below that
he had any cause of action whatever against Adams.   The
justice gave judgment for the plaintiff for $12,50.   This judg-
ment was rendered by the justice in 1821.

*W. Fraser*, for plaintiff in error.

*A. Fraser*, for defendant.

*By the Court*, MARCY, J.   (Mr. Justice Marcy, after ex-
amining the evidence set forth in the return of the justice,
and coming to the conclusion that the acts done by the de-
fendant did not subject him to an action, proceeded as fol-
lows :)   But, admitting the proof to be sufficient to establish
the fact that the defendant did obstruct the officer in the ex-
ecution of the warrant, yet the plaintiff below failed to shew
enough to entitle him to recover.   The party who brings his
action for obstructing the execution of mesne process must
prove as much to entitle him to recover as he would be obli-
ged to shew if he had brought his action for an escape or
rescue on similar process.   In an action for an escape, the
plaintiff must aver and prove that he had a cause of action
against the person who has been suffered to escape.   (*2 Lev.*
85.   4 *T. R.* 611.   2 *Saund.* 151.)   The law is the same
where the action is for a rescue on mesne process. (*Buller's
N. P.* 62.   2 *Chitty's Pl.* 298, 9.)   There was no proof in
the court below that the plaintiff had any cause of action
against Adams.   Until this was established, he had no right
to recover against the defendant.

Judgment reversed.